**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| XUNSE HAN, | No. 14-73636 |
| Petitioner, | Agency No. A088-473-728 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 26, 2017**

Before:  SILVERMAN, TALLMAN, and N.R. SMITH, Circuit Judges.

Xunse Han, a native and citizen of China, petitions for review of the Board

of Immigration Appeals' ("BIA") order dismissing her appeal from an immigration

judge's decision denying her application for asylum, withholding of removal, and

relief under the Convention Against Torture ("CAT"). We have jurisdiction under

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on the inconsistency between Han's testimony, declaration, and statements made during her asylum interview as to how many home church gatherings she attended in China, and her internally inconsistent testimony as to the length of her interrogation in detention. *See id.* at 1048 (adverse credibility finding reasonable under the totality of the circumstances).

In the absence of credible testimony, in this case, Han's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Han's CAT claim also fails because it is based on the same testimony the agency found not credible, and Han does not point to any other evidence in the record that compels the conclusion that it is more likely than not she would be tortured by or with the consent or acquiescence of a public official in China. *See id.* at 1156-57.

Finally, the BIA did not abuse its discretion in declining to remand in light of the evidence Han submitted on appeal. *See* 8 C.F.R. § 1003.2(c)(1); *Romero-*

14-73636

*Ruiz v. Mukasey*, 538 F.3d 1057, 1062 (9th Cir. 2008) ("The BIA abuses its discretion if its decision is arbitrary, irrational, or contrary to law." (internal citation and quotation marks omitted)).

**PETITION FOR REVIEW DENIED.**